## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DENZIL E. MOYERS,**
**Claimant Below, Petitioner**

**vs.)  No. 14-1085** (BOR Appeal No. 2049413)
(Claim No. 2010132343)

**T AND B SERVICE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Denzil E. Moyers, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. T and B Service, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2014, in which the Board affirmed an April 25, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 25, 2013, decision denying Mr. Moyers's request for a left knee arthroscopy with partial meniscectomy and debridement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moyers worked for T and B Service, LLC, when he injured his left knee on January 11, 2010, while trying to get a mount off a frame. The mount struck Mr. Moyers in the left knee. The claim was held compensable for sprain of the medial collateral ligament of the left knee, and the claims administrator found that Mr. Moyers was not entitled to temporary total disability benefits because he missed less than three days of work. The claims administrator authorized left

1

knee arthroscopy and partial meniscectomy but denied a chondroplasty on July 12, 2010. Mr. Moyers underwent a left knee arthroscopy and partial medial meniscectomy on July 15, 2010. On September 9, 2010, Mr. Moyers saw Dean Steinman, D.O., for the purpose of an independent medical evaluation. Dr. Steinman recommended a repeat MRI to determine if there is a reason for a repeat arthroscopy to correct abnormalities due to the injury of January 11, 2010. Dr. Steinman found Mr. Moyers suffered 4% whole person impairment. An MRI of Mr. Moyers's left knee on October 18, 2010, demonstrated an oblique tear of the posterior horn of the medial meniscus in a background of myxoid degeneration. Sushil Sethi, M.D., performed an independent medical evaluation on February 22, 2013, and found that the October 18, 2010, MRI showed no need for an additional arthroscopy because myxoid degeneration was found , which would be due to wear and tear from the aging process. Dr. Sethi opined that the compensable injury had resolved and that the surgery was to treat Mr. Moyers's non-occupational degenerative arthritis. Chris Vasilakis, M.D., treated Mr. Moyers from October 4, 2010, to July 15, 2013. Dr. Vasilakis requested that Mr. Moyers undergo a second left knee arthroscopy, partial meniscectomy, and chondroplasty due to continuous chronic pain of the left knee that had not improved with months of conservative treatment. A second MRI of the left performed on January 28, 2013, revealed diffuse degenerative intrasubstance signal throughout the medial meniscus with a tiny tear involving the posterior horn. It also showed a focal T1 hypointense and T2 hyperintense rounded lesion within the fat posterior to the distal femoral diaphysis. Mr. Moyers requested authorization for a second left knee arthroscopy with partial meniscectomy and debridement based on Dr. Vasilakis's report. The claims administrator denied authorization for a left knee arthroscopy with partial meniscectomy and debridement.

The Office of Judges affirmed the claims administrator's decision and found that Mr. Moyers has failed to demonstrate through a preponderance of the evidence that the knee surgery requested is medically related and reasonably necessary to treat his compensable injury. The Board of Review affirmed the Office of Judges' Order. On appeal, Mr. Moyers disagrees and asserts that Dr. Vasilakis, his treating physician, is in the best position to determine his treatment needs and that he recommended the surgery. T and B Service, LLC, maintains that the medical evidence does not support a causal connection between the need for surgery and the January 11, 2010, left knee injury. T and B Service, LLC, further maintains that Dr. Sethi found the requested treatment was not reasonable or necessary to treat the compensable injury but was necessary for treatment of the underlying degenerative condition.

The Office of Judges found that the only medical opinion of record that addressed causation is Dr. Sethi's report. Dr. Sethi found clear indication that the surgery is for Mr. Moyers's degenerative, arthritic knee condition and not for the January 11, 2010, injury. On September 9, 2010, Dr. Steinman also concluded that Mr. Moyers's work-related injury had stabilized and that his chondromalacia was a non-occupational degenerative disease. Although Dr. Vasilakis recommended the arthroscopy and debridement, he provided no opinion suggesting that the requested surgery is reasonable and necessary for treatment of the January 11, 2010, left knee injury and resulting meniscus tear for which Mr. Moyers underwent surgery in July of 2010. Therefore, considering the reports of Dr. Sethi and Dr. Steinman and the lack of evidence in Dr. Vasilakis's report as to a causal connection, the Office of Judges concluded that Mr.

2

Moyers has failed to demonstrate through a preponderance of the evidence that the knee surgery is medically related and reasonable necessary to treat the compensable injury.

The Board of Review agreed with the Order of the Office of Judges. This Court agrees with the Board of Review. Dr. Vasilakis is the physician who requested the surgery. However, Dr. Vasilakis failed to explain how this surgery is medically related and reasonably necessary to treat the compensable injury. Dr. Sethi found the requested surgery is not necessary for the compensable injury but is needed to treat Mr. Moyers's degenerative, arthritic knee condition. In addition, Dr. Sethi and Dr. Steinman both concluded that no further treatment is needed for Mr. Moyers's compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:   September 17, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II


**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum